STATE, EX REL. N. Z. SNELL, v. JOHN H. WESTCOTT.

[FILED MARCH 2, 1892.]

County Commissioners: NUMBER: ELECTION. The act ap-
proved April 9, 1891, provides that in counties containing less
than 125,000 inhabitants the board of county commissioners shall
consist of three persons, but also providing that in counties con-
taining less than 125,000 inhabitants which had five commission-
ers when the act took effect the incumbents "shall continue to
hold and occupy said offices until the expiration of the terms for
which elected." There is also a provision for redistricting
counties where the number was changed from five to three. Sec-
tion 7, chapter 26, Compiled Statutes, also provides that in
counties not under township organization, " one county commis-
sioner shall be elected annually, who shall serve three years,"
etc. Held, That a county commissioner who was elected in
November, 1891, to fill the vacancy caused by the expiration of
the term of the commissioner of the third district, was properly
elected, and that the fourth and fifth commissioners would hold
until the expiration of their respective terms.

ORIGINAL action in nature of *quo warranto*.

N. Z. Snell, for relator, cited: Sutherland on Statutory
Con., sec. 430; *State, ex rel. Jones, v. Graham*, 16 Neb., 74.

*Chas. A. Robbins,* and *Thomas Darnall, contra:*

The relator's construction of the law cannot be accepted because it leads to irreconcilable conflict between sec. 53, ch. 18, Comp. Stats., and sec. 55, ch. 18, and sec. 7, ch. 26. (*Hagenbuck v. Reed,* 3 Neb., 17, 24; *State v. Weston,* Id., 312, 322; *White v. Blum,* 4 Id., 555, 561; *Hendrix v. Rieman,* 6 Id., 516, 522; *State v. Liedtke,* 9 Id., 490, 497; *State v. Babcock,* 21 Id., 599, 602; *Egypt Street,* 2 Grant's Cas. [Pa.], 455; *State v. Maccuaig,* 8 Id., 215, 217; *State v. Silver,* 9 Id., 85, 89; *Albertson v. State,* Id., 429, 438; *State v. Howe,* 28 Id., 618, 627.) The relator's construction of the law leads to an absurd and mischievous result, inconvenience, hardship, and injustice, and cannot be adopted. (*Smith v. People,* 47 N. Y., 330, 336; *Perry County v. Jefferson County,* 94 Ill., 214; *Rogers v. Goodwin,* 2 Mass., 475, 477; *Langdon v. Potter,* 3 Id., 215, 221; *Gore v. Brazier,* Id., 523, 539; *Ayers v. Knox,* 7 Id., 305, 310; *Putnam v. Longley,* 11 Pick. [Mass.], 487, 490; *Moore v. Given,* 39 O. St., 661; *Sawyer v. State,* 45 Id., 343; *Ex parte Ellis,* 11 Cal., 222; *Knowles v. Yeates,* 31 Id., 82; *Henry v. Tilson,* 17 Vt., 479; *Collis v. Carman,* 5 Md., 503; *Neenan v. Smith,* 50 Mo., 525, 529; *Wall ads. Robson,* 2 Nott. & McC. [S. Car.], 497, 507; *Mayor v. Weems,* 5 Ind., 547; *Smith v. Moore,* 90 Id., 294, 305; *Storms v. Stevens,* 104 Id., 46, 50; *Hunt v. Lakeshore, etc., R. Co.,* 112 Id., 69; *State v. Mayor,* 28 Id., 248; *Baker v. Kirk,* 33 Id., 517, 526.) Relator seeks to extend the scope and effect of a mere proviso or saving clause which should be construed strictly and as affecting the paragraph to which annexed only. (*Spring v. Collector,* 78 Ill., 101; *Roberts v. Yarboro,* 41 Tex., 449; *United States v. Dickson,* 15 Pet. [U. S.], 165.) The division of the county into five districts and the election of two extra commissioners in 1890 was illegal and void. (*State v. Graham,* 16 Neb., 74, 76; *Ex parte Johnson,* 15 Id., 512.)

As to the constitutionality of the act of 1887, under which two additional commissioners were elected, and of the proviso in the act of 1891, under which such additional commissioners claim to hold over: Sutherland on Statutory Construction, sec. 129; *State v. Boyd,* 19 Nev., 43; *Freeholders of Hudson v. Buck,* 49 N. J. L., 228; *State v. Ellet,* 47 O. St., 90; *Devine v. Cook County,* 84 Ill., 590; *Woodard v. Brien,* 14 Lea [Tenn.], 520; *Fields v. Commissioners,* 36 O. St., 476; *Commonwealth v. Patton,* 88 Pa. St., 258; *State v. County Court,* 89 Mo., 237; *Topeka v. Gillett,* 32 Kan., 431; *Coutieri v. New Brunswick,* 44 N. J. L., 58; *Robinson v. Perry,* 17 Kan., 248; *Davis v. Clark,* 106 Pa. St., 377; *Morrison v. Bachert,* 112 Id., 322; *State v. Hammer,* 42 N. J. L., 435; *Hallock v. Hollingshead,* 49 Id., 64; *Gibbs v. Morgan,* 39 N. J. Eq., 126; *Ernst v. Morgan,* Id., 391; *Miller v. Kister,* 68 Cal., 142; *State v. Hermann,* 75 Mo., 340; *Turner v. Fish,* 19 Nev., 295.

MAXWELL, CH. J.

The relator is county attorney of Lancaster county, and as the attorney general refused to prosecute the action, the relator brought the same in order to obtain a construction of the act of April 9, 1891. The information is as follows:

"Novia Z. Snell, as county attorney of Lancaster county, Nebraska, who prosecutes this case in his own proper person, gives the court to understand:

"First—That the county of Lancaster is a county in the state of Nebraska which, on the 10th day of July, 1890, had, and still has, more than 70,000 inhabitants and less 125,000 inhabitants.

"Second—That on said day the county commissioners of Lancaster county, under and in pursuance of sections 53 and 54 of article 1, chapter 18 of the Compiled Statutes of the state of Nebraska, as then in force, divided said Lancaster county into five districts, numbered respectively

1, 2, 3, 4, and 5. The first district comprising the Sixth · and Seventh wards in the city of Lincoln, Lancaster, Rock Creek, Mill, Waverly, and North Bluff precincts; the second district comprising West Oak, Little Salt, Oak, West Lincoln, Garfield, and Elk precincts, and the First ward in the city of Lincoln; the third district comprising the Third and Fourth wards in the city of Lincoln; the fourth district comprising the Second and Fifth wards in the city of Lincoln; the fifth district comprising Denton, Yankee Hill, Highland, Buda, Centerville, Saltillo, Nemaha, Olive Branch, South Pass, Panama, Grant, Stockton, Middle Creek, and Stevens Creek precincts.

"Third—That at said time the board of· county commissioners of Lancaster county, Nebraska, consisted of three persons: T. J. Dickson, whose term expired on the first Thursday after the first Tuesday in January, 1891; Alba Brown, whose term expired on the first Thursday after the first Tuesday in January, 1892; and H. H. Shaberg, whose term will expire on the first Thursday after the first Tuesday in January, 1893.

"Fourth—That after said county was divided into five districts as aforesaid, Alba Brown resided in and represented the second district; T. J. Dickson resided in and represented the fifth district; and H. H. Shaberg resided in and represented the third district.

"Fifth—That at the general election held on the 7th day of November, 1890, the said T. J. Dickson was reelected as county commissioner from the fifth district, and one W. E. Churchill was elected as commissioner from the first district, and one Joseph McGraw was elected as commissioner from the fourth district, and as the said Churchill received a greater number of votes than the said McGraw, his term of office will expire on the first Thursday after the first Tuesday in January, 1894, and the term of the office of the said McGraw will expire on the first Thursday after the first Tuesday in January, 1893.

" Sixth—That the legislature of the state of Nebraska, at its session begun on the —— day of January, 1891, passed an act entitled 'An act to amend sections 53, 54, and 59 of article 1 of chapter 18 of the Compiled Statutes of Nebraska for the year 1887, and to repeal said section,' which act was approved by the governor on the 9th day of April, 1891, and the same went into force and effect on the 1st day of August, 1891, and the question as to whether the county board of Lancaster county shall consist of three or five commissioners has never been submitted at any election since the passage of said act.

"Seventh—That by said act said section 53 was amended so as to limit the number of county commissioners to three in counties not having more than 125,000 inhabitants, and making the number five in counties having more than 125,000 inhabitants, but expressly provided that in counties having less than 125,000 when the amendment took effect, that the incumbents of said office should continue to hold such office for the term for which they were elected.

"Eighth—That the defendant John H. Westcott, who was and is a legal voter of said county, received the nomination at the hands of the republican convention held in the city of Lincoln on the —— day of September, 1891, for the alleged office of county commissioner from the second district of said county to succeed Commissioner Brown, in which district he then resided, and at the general election held in November, 1891, he received the highest number of votes for said alleged office.

"Ninth—That on the 10th day of November, 1891, after a canvass of the votes cast at said election had been duly made, Mart Howe, as county clerk of Lancaster county, Nebraska, issued to the said John H. Westcott a certificate of election to the alleged office of county commissioner from the second district.

"Tenth—That on the —— day of December, 1891, the

said Westcott filed his bond, which was duly approved by the proper authority, and took the oath of office.

"Eleventh—That on the 19th day of December, 1891, the board of county commissioners of Lancaster county, Nebraska, under and by virtue of section 53 as amended in 1891, redistricted the county of Lancaster into three districts, number 1 comprising the territory of the Fourth, Sixth and Seventh wards in the city of Lincoln, and Elk, Lancaster, Little Salt, Mill, North Bluff, Oak, Rock Creek, Waverly, and West Oak precincts; number 2 comprising the territory of the First, Second and Third wards in the city of Lincoln, and Garfield and West Lincoln precincts; number 3 comprising the territory of the Fifth ward of the city of Lincoln, and Buda, Centerville, Benton, Grant, Highland, Middle Creek, Nemaha, Olive Branch, Panama, Saltillo, South Pass, Stevens Creek, Stockton, and Yankee Hill precincts; and that as the board was then constituted, Commissioner Brown residing in Oak precinct and Commissioner Churchill residing in the Sixth ward of the city of Lincoln, represented the first district, Commissioner Shaberg residing in the Third ward of the city of Lincoln, represented the second district, and Commissioner McGraw, residing in the Fifth ward of the city of Lincoln, and Commissioner Dickson, residing in Panama precinct, represented the third district.

"Twelfth—That on the 7th day of January, 1892, the time of commissioner Brown having expired as commissioner, the defendant John H. Westcott, and from then continuously without any legal warrant, claim, or right, has used and exercised and still does unlawfully use and exercise the office of county commissioner of Lancaster county, Nebraska, and claims to be a commissioner of Lancaster county from the second district, and has, uses, and enjoys all the rights, privileges and franchises of a county commissioner of Lancaster county, Nebraska, to the damage

and the prejudice of the rights of said Lancaster county and also against the peace of the state.

"Thirteenth—Your relator avers the facts to be, however, that from and after August 1, 1891, the county of Lancaster was entitled to only three commissioners, saving only that those in office should continue until after the expiration of the term for which they were elected, and that at the general election held in November, 1891, there were no vacancies in the office of county commissioner, and that the alleged election of the defendant Westcott was of no force and effect whatever.

"Wherefore your relator asks that the defendant be declared not entitled to said office, and that he be ousted therefrom, and that the costs of this proceeding be taxed against him."

To this the defendant filed a general demurrer, and the case is submitted upon the issues thus formed. The act approved April 9, 1891, provides "That section 53 of article 1 of chapter 18 of the Compiled Statutes of Nebraska be amended so as to read as follows:

"Sec. 53. Commissioners.—The board of county commissioners in all counties having not more than 125,000 inhabitants shall consist of three persons, and in counties having more than 125,000 inhabitants shall consist of five persons; *Provided,* That in counties having less than 125,-000 population which have five commissioners when this act takes effect the incumbents of said office shall continue to hold and occupy such office until the expiration of the terms for which elected; *Provided,* That the electors in any county containing less than 125,000 inhabitants may vote at any general election as to whether their county board shall consist of three or five commissioners. Counties under township organization voting to change to commissioner system may vote at the same time as to the number of commissioners desired."

Section 54, chapter 21, provides "That each county not

under township organization having not more than 125,-
000 inhabitants shall be divided into three districts, num-
bered respectively 1, 2, and 3, or into five districts as
provided for in section 53, which shall be numbered re-
spectively 1, 2, 3, 4, and 5; and in counties having more
than 125,000 inhabitants shall be divided into five districts
numbered respectively 1, 2, 3, 4, and 5, and shall consist
of two or more voting precincts comprising compact and
contiguous territory and embracing, as near as may be pos-
sible, an equal division of the population of the county,
and not subject to alteration oftener than once in three
years, and one commissioner shall be elected from each of
said districts by the qualified electors of the district as here-
inbefore provided.    The district lines shall not be changed
at any session of the board unless all of the commissioners
are present at such session ; *Provided,* That in counties of
125,000 inhabitants or more, and in counties where a ma-
jority have voted for five commissioners, it shall be the
duty of the commissioners or supervisors of such county,
at their first meeting after the publication of state or fed-
eral census, or after an election deciding to have five com-
missioners, to divide said county into five commissioner
districts as provided for in this bill; *Provided further,*
That the three commissioners of such county whose term
of office will expire after said election shall continue to
represent the districts in which they shall reside, after the
redistricting of such county, until the expiration of the
terms for which they were elected ; *And provided further,*
That at the general election next after the division of a
county into five districts, one commissioner shall be elected
for each of the two remaining districts.    Of the two per-
sons elected in such districts, the person receiving the high-
est number of votes shall hold his office for the term of
three years and the person receiving the next highest num-
ber of votes shall hold his office for the term of two years,
and each commissioner elected thereafter, in pursuance of

the provisions of this section, shall hold his office for three years and until his successor is elected and qualified."

Section 7, chapter 26, Compiled Statutes, provides that " one county commissioner shall be elected annually and shall serve three years."

Construing these provisions together the evident purpose of the legislature was to fix the number of commissioners at three in counties having less than 125,000 inhabitants, unless by a vote of the people of any county the number was increased to five. If the number was reduced to three, then it was the duty of the county board to redistrict the county into three districts, numbered respectively 1, 2, and 3. A commissioner is to be elected from each of the three districts every third year. There is no provision for omitting such election in 1891. It is true the act was passed and took effect in that year, but it was not intended to reduce the number of commissioners where **five** had previously been authorized except upon the termination of the term of office of the fourth and fifth commissioner. That is, that a county containing less than 125,000 inhabitants shall be divided into three districts, from each of which a commissioner shall be elected, while the fourth and fifth shall continue in office until their respective terms shall expire. It may be that the provisions for the election of commissioners in some counties by the electors of such counties, and in others by districts, is class or special legislation, but that question is not before the court. The defendant is not wrongfully holding the office referred to. The demurrer is therefore sustained and the action

DISMISSED.

THE other judges concur.